SCHOTT, Judge,
dissenting in part:
Since this is a civil case defendants’ burden was to prove that the items sold by plaintiff were more probably than not “drug paraphernalia” as defined by LSA-R.S. 40:1031. From the testimony and exhibits concerning the vast majority of the items sold the only reasonable hypothesis is that these items were “drug paraphernalia.” Motwane testified that the items seized by the police were drug paraphernalia and were bought from plaintiff. Plaintiff’s argument that these pipes, clips and other things can be used for legitimate purposes and that they were not “designed for use” with drugs is ridiculous.
It is unfortunate that a dismissal of this suit would place the entire financial burden on the plaintiff when defendants were willing participants in the sale of items which everyone knows are designed for use and actually used by unfortunate victims of drugs, but our civil code wisely prevents anyone from misusing our courts by bringing suits to enforce illegal contracts. Plaintiff insults our courts with its suit to recover the price of these unlawful items. I would reverse the trial court and dismiss the main demand. I agree with my colleagues that there is no manifest error in the trial court’s dismissal of Motwane’s re-conventional demand.